UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG GUI SU,<br>   Plaintiff,<br>  v.<br>DIANNE FEINSTEIN,<br>   Defendant. | Case No. 15-cv-02435-KAW<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

  On June 2, 2015, Plaintiff Chang Gui Su filed this lawsuit against Dianne Feinstein. On June 10, 2015, Plaintiff, in accordance with 28 U.S.C. § 636(c), voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment. (Dkt. No. 5.)

  On October 21, 2015, the Court issued an order to show cause to Plaintiff to explain why this case should not be dismissed for failure to complete service of the complaint within the period prescribed in Federal Rule of Civil Procedure 4(m). (Dkt. No. 13.) On November 2, 2015, Plaintiff filed an untitled document that the undersigned construed as a response to the order to show cause. (Dkt. No. 14.) Therein, Plaintiff stated that she mailed the lawsuit and related documents in early-June. *Id.* at 2. Plaintiff did not file a certificate of service.

  On December 9, 2015, the Court discharged the order to show cause and ordered Plaintiff to file a certificate of service on or before December 31, 2015. (Dkt. No. 16.) Plaintiff was advised that if she could not recall the date and all information concerning the June 2015 attempt to serve the complaint by mail, she should again serve all documents and file a certificate of service by December 31, 2015. *Id.*

  On May 4, 2016, the Court issued a second order to show cause to Plaintiff to explain why she did not file a certificate of service by December 31, 2015 as previously ordered, and to file a

certificate of service. (Dkt. No. 27.)  The Court advised Plaintiff of the importance of following the correct court procedures, and directed her to the Federal Pro Bono Project's Help Desk for assistance. *Id.* Plaintiff was also informed that the failure to timely respond to both the second order to show cause and to timely file a certificate of service may result in the dismissal of this case for failure to prosecute.  The response deadline was May 27, 2016. *Id.*

On May 10, 2016, Plaintiff filed a letter addressed to the undersigned stating that she found the fact that "the respondent didn't receive the lawsuit document, I feel [is] rather unbelievable." (Dkt. No. 28 at 1.)  The Court will liberally construe this as a response to the second order to show cause.  Therein, Plaintiff expressed a willingness to mail the documents again. *Id.*  Plaintiff did not, however, do so by the May 27, 2016 response deadline, despite being instructed to serve all initiating documents again back in December.  Plaintiff also did not file a certificate of service as instructed.  To date, no certificate of service has been filed.

On May 23, 2016, Plaintiff filed a letter addressed to "The Respected President" regarding the merits of the "Tri-Valley University Case." (Dkt. No. 29.) This is not a proper filing and is stricken.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'").  Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In light Plaintiff's repeated failure to comport with the Federal Rules of Civil Procedure and follow the Court's orders, the case is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: July 20, 2016

KANDIS A. WESTMORE
United States Magistrate Judge